**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, AFL-CIO, Sheet Metal Workers' International Association, AFL-CIO, Local No. 573, Larry Higer, Francis Fry and Elmer Pruitt, Plaintiffs-Appellees,**

v.

**BARBER-COLMAN COMPANY, Defendant-Appellant.**

**No. 16025.**

United States Court of Appeals Seventh Circuit.

May 26, 1967.

Edward J. Fahy, Stephen A. Ellis, Shultz, Fahy & Street, Rockford, Ill., for appellant.

Donald W. Fisher, Toledo, Ohio, Lawrence J. Ferolie, Rockford, Ill., for appellees.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This suit was brought by two Unions and three employees to compel Barber-Colman Company ("Barber") to arbitrate a dispute arising under an agreement between the Unions and Barber. Federal jurisdiction was conferred by Section 301(a) of the Labor Management Relations Act (29 USC § 185(a)).

In June 1964, the Unions called a strike at four of Barber's plants after negotiations for a new collective bargaining agreement had collapsed. The three plaintiff-employees of Barber participated in the strike which persisted until October 15, 1964. The Unions and Barber then agreed in principle upon a new collective bargaining agreement, which was executed on October 21, 1964.

During the strike, the three individual plaintiffs and 17 other Barber employees were discharged on the ground of alleged misconduct in connection with their strike activities. The three individual plaintiffs were indicted by a Winnebago County, Illinois, grand jury on September 15, 1964; the indictment charged them with arson and criminal damage to property. On December 14, 1964, their motion to suppress evidence was granted, and a week later, on motion of the State's Attorney, the indictment was nolle prossed.

On October 15, 1964, Barber and the Unions signed a Settlement Agreement dealing with the three individual employees and the 17 other striking employees who had been charged with violence. The Settlement Agreement provided as follows:

[1] Inasmuch as the company has suspended the following employees pending the determination of their status: Larry Higer, Francis Fry and Elmer

Pruitt, and Ronald Bowen, Delmos Graves, Laurence Woolbright, Melvin Morelock, Jr., Frank R. Podeszwa, John Blaser, Clarence North, Virgil Johnson, John H. Lenz, Tom Ward, Dave Bevens, Frederick Joeston, Velmer White, Randolph Gregg, William B. Tratnik, Lawrence Parr, George R. Toon and it is hereby provided as follows:

[2] Higer, Fry and Pruitt can choose to have their status determined by an arbitrator, or can choose to have their status determined by the decision of the criminal court where they are now under indictment. If they choose to have the criminal court decision fix their status then: if any one is found guilty he will be considered discharged, but if he is found innocent, he shall be reinstated to employment with back pay to the date of this agreement. If they select arbitration an arbitrator will be designated by the Company and the Union in the manner provided in Article V.[1]

[3] Criminal Court proceedings will not affect the status of the other above named employees and shall not be considered in the arbitration procedure hereinafter provided.

[4] All others shall have the right to quit or have their status determined by arbitration. The personnel record of an employee who quits will reflect only the fact that he quit.

[5] If they elect arbitration a different arbitrator shall be selected by the Company and the Union in the manner provided in Article V.

[6] The arbitrator's decision in these cases shall not be used as a basis or a precedent for any future arbitration.

[7] The arbitrator shall be empowered to hear all the cases and to determine whether the employees, or any of them, shall be reinstated to their jobs and the condition of reinstatement. if any.

[8] Such employees shall not return to work until their status is determined under this procedure.

The second paragraph of the Settlement Agreement permitted plaintiffs Higer, Fry and Pruitt to have their status with Barber determined by an arbitrator or by the criminal court in the arson case. These employees chose the second alternative.

After the indictment against Higer, Fry and Pruitt was nolle prossed, Barber recalled them to work and offered them *net* back pay from October 15, 1964, the date of the Settlement Agreement, to December 27, 1964, the date on which they resumed work. However, the Unions and these three individuals contend that any wages the trio earned from outside sources are not deductible from the wages they would have earned at Barber during said period, and also that no other deductions are permissible.

After Barber refused to award full back pay to these three employees, they and the Unions demanded that the back pay dispute be referred to arbitration. When Barber rejected arbitration, this suit was filed. The District Court ordered arbitration, and we affirm.

In opposing arbitration, Barber argues that paragraphs 1 and 8 of the Settlement Agreement apply to all 20 suspended employees, that paragraph 2 applies only to the three individual plaintiffs, and that the remaining paragraphs apply only to the 17 other suspended employees. Even accepting this argument, we do not think that arbitration of the back pay claims

1. Article V refers to the grievance procedure provision of the October 21, 1964, collective bargaining agreement between the parties.

of these three employees was foreclosed when it proved impossible to have their status determined by the criminal court. Because a decision of the criminal court could not be obtained, Higer, Fry and Pruitt should have been permitted to select arbitration. 2 Restatement of the Law of Contracts § 469. Under paragraph 2, the parties certainly never intended this dispute to be resolved in civil judicial proceedings. Yet Barber now asserts that this is the only avenue open to these three employees.

■■ As the Supreme Court stated in United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409:

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

Under this test, it cannot be said that paragraph 2 of the Settlement Agreement now prohibits arbitration of this dispute.

■ As to the back pay issue, it should be noted that the other 17 suspended employees have already proceeded to arbitration pursuant to the third through seventh paragraphs of the Settlement Agreement. Where back pay was awarded to any of the 17, the arbitrator applied the usual mitigation principles in computing the amount due. We agree with the District Court that the doctrine of mitigation also appears applicable to Higer's, Fry's and Pruitt's back pay. However, under the Settlement Agreement, the question whether their claim for unreduced back pay is sham or frivolous is for the arbitrator. Local Union No. 483 v. Shell Oil Company, 369 F.2d 526, 530 (7th Cir.1966). Article V of the collective bargaining contract provides that his award shall be final and binding.

The judgment of the District Court is affirmed.